United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40433
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALAN RAZSI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-85-ALL
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

James Alan Razsi (Razsi), a federal inmate, appeals his

sentence following his guilty-plea conviction for assaulting

Elmer Sorrell (Sorrell), another inmate, with a dangerous weapon

with intent to do bodily harm, in violation of 18 U.S.C. §

113(a)(3).  Razsi asserts that the district court erred when it

increased his base offense level by five levels under U.S.S.G.

§ 2A2.2(b)(3)(B) after finding that Sorrell had sustained serious

bodily injury.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2A2.2(b)(3)(B) of the Sentencing Guidelines requires a five-level increase to a base offense level if the victim of the offense sustained serious bodily injury. "'Serious bodily injury' means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(L) (2004); see U.S.S.G. § 2A2.2 cmt. n.1 (2004).

The record indicates that Sorrell was treated, hospitalized, and given pain medication for multiple lacerations, depressed fractures in his frontal sinus cavity, bleeding from his left ear, swelling of his right cheek, and other scratches and abrasions. As a result of his injuries and pain, Sorrell received medical treatment, was hospitalized, was on a liquid diet, was unable to retrieve his own pain medication, and was only able to take the pain medication after it was crushed. Because of these facts, the district court's application of the five-level increase to Razsi's base offense level pursuant to U.S.S.G. § 2A2.2(b)(3)(B) because Sorrell did sustain serious bodily injury was not clearly erroneous.

Accordingly, the district court's judgment is AFFIRMED.